JOHN CONLEY, Appellant, *v.* GEORGE W. CHEDIC,
                                    Respondent.

Weight of Evidence not open to Discussion where no Motion for New
   Trial.   The point that, where there has been no motion for new trial, the
   Supreme Court will not consider an objection that the evidence does not sus-
   tain the verdict and special findings, has been so frequently decided that it is
   no longer open for discussion.

Default to be Available Must be Shown by Record — Presumption.   Where
   an objection was made on appeal that the court below erred in denying plaint-
   iff's motion to enter defendant's default and for judgment thereon; and there
   was nothing in the record to show that a default existed :  *Held,* that a default
   could not be presumed against the action of the court, and that the want of
   showing in the record was a sufficient answer of itself to the objection.

Allowance of Answer after Time generally matter of Discretion.   The
   allowance of the filing of an answer after the time prescribed by statute is a
   matter very much in the discretion of the district court, and especially so
   where there has been no default entered, and there is no showing that a failure
   to plead has occasioned any delay or injury to the opposite party.

General Interest of People of County in question involved no ground for
   Change of Venue.   It is no ground for a change of venue that the people of
   the county, in which the action is to be tried, are generally interested in the
   question involved.

Only Prejudicial Error Ground of Complaint.   Though irrelevant issues or
   facts admitted by the pleadings are submitted to the jury, yet if a party be
   not prejudiced thereby, he has no substantial ground of complaint.

PROPERTY IN TRANSITU THROUGH A COUNTY NOT PROPERLY IN IT FOR TAXATION
PURPOSES.  Where wood cut in California and belonging to a citizen of that
state was thrown into the Carson river and simply passed through Douglas
County to find a market in Ormsby County, for which it was destined: *Held,*
that in so passing through Douglas County it was not properly in it for the
purposes of taxation.

WHAT PERSONAL "PROPERTY IN COUNTY" IS PROPERLY ASSESSABLE THEREIN.  To
constitute goods properly in a particular county, so as to make it legally
assessable therein within the meaning of the revenue laws, it must be in such
a situation as to make it a part of the wealth of that county; it must belong
in it and be incorporated with the other property of the county.

APPEAL from the District Court of the Second Judicial District,
Ormsby County.

The property of the plaintiff consisted of 1,750 cords of wood
and 30,000 feet of timber, and is the same referred to in *Conley
v. Chedic,* 6 Nev. 222.  It was cut in Alpine County, California,
and there thrown into the Carson river and "driven" down through
Douglas County into Ormsby County.  While passing through
Douglas County it was there assessed for the year 1870, at the
valuation of $5,900, and the tax, $169.63 paid.  After it came
into Ormsby County, the defendant, who was the assessor of such
county, assessed it for the same year, 1870, at a valuation of
$9,100; and upon the plaintiff's refusing to pay the tax there
levied, defendant seized sixty-five cords and upwards of the wood
and sold it to satisfy the tax thus levied by him.  The plaintiff
claimed damages in the sum of $1,000.

The complaint was filed on February 24th, 1871; the answer on
April 24th, 1871.  The transcript did not contain the summons or
proof of service, or any entry of default; but it appeared from
papers and minutes included in the statement on appeal, that on
April 22d, 1871, plaintiff moved the court below to enter the default
of defendant; and that the court having, theretofore, ordered all
proceedings stayed until the filing of the remittitur in the former
action between the same parties, (which order was entered upon
defendant's motion to dismiss this action) denied it.

When the cause came on for trial, plaintiff moved that defend-
ant's demand for a jury trial in Ormsby County should be denied,
and that the cause, if a jury trial were insisted on, should be re-

moved to another county, on the ground that every taxpayer and juror in Ormsby County was pecuniarily interested in the cause and question involved.   The motion was denied.

It was argued and admitted in open court that "the proceedings of the county assessors of Ormsby and Douglas counties as to the levying and collecting taxes on the wood and lumber mentioned in the complaint in their respective counties were regular, and that the issue to be tried in this cause was simply in which of said counties was the tax legally assessed and collected for the year 1870." And thereupon plaintiff moved for judgment on the pleadings, which motion was denied.   There was a general verdict for defendant, and also answers by the jury to various special interrogations.   There was no motion for new trial.

*T. W. W. Davies* and *D. W. Virgin*, for Appellant.

I. The denial of the motion for default was error.   The action was commenced February 24th, and no answer or demurrer was filed until April 22d.   It is true defendant appealed generally, and filed a *motion* to dismiss the action on the ground of former adjudication, within ten days after the commencement of the action, but such motion was denied on the ground that such practice was unwarranted, and that the matter of former adjudication must be pleaded and proved.   When that motion was denied, and plaintiff moved for the default, the time for answering having long expired, it was error to deny it and allow defendant time to answer.   Stats. 1869, 203, Sec. 38; *People* v. *De la Guerra*, 24 Cal. 73.

II. It was error to deny the motion for a change of venue, and force plaintiff to try his cause before a jury of taxpayers of Ormsby County, who had a direct pecuniary interest in the issue.   Hob. 87.

III. After the admission of counsel in open court as to the regularity of the proceedings of the assessor of Douglas County, it was error to deny plaintiff's motion for judgment on the pleadings.

IV. The taxes were not only first assessed in Douglas County, but were paid before the property was suffered to be removed from that county; and the previous payment of taxes on this property, evidenced by the tax receipt, ought to have been a complete answer

to the claims of Ormsby County.  *People* v. *Holladay*, 25 Cal. 306.

V. It was error to submit to the jury various questions which were not in issue; because the admission of counsel that the single issue presented in the case was in which county was the tax legally assessable, and that the acts of the county assessor of Douglas County were regular, precluded any inquiry on the part of the jury as to any point except as to the value of the wood sold, and other damage.

[ Counsel made various points in reference to the findings and weight of evidence; but as the court declined to consider them on account of the want of a motion for new trial, they are omitted.]

*Robert M. Clarke*, for Respondent.

I. The transcript does not show any facts or grounds in support of the motion for default.  There is no certificate of the clerk or other evidence that default existed.  This court will, therefore, not disturb the order denying the motion.

II. The denial of the motion for judgment on the pleadings was proper, because it appeared upon the complaint that the wood and timber assessed was in transition from California to market in Nevada, at the date of the assessment; because the answer averred material affirmative matter and denied all the material averments of the complaint; and because the denial of damage alone tendered an issue to be tried by jury, and was of itself sufficient to prevent a judgment on the pleadings.

III. The motion for change of venue was properly overruled, because Ormsby County was not a party to the suit, and the interest of a juror as a citizen of the county does not disqualify.

IV. The wood was not subject to taxation so long as it was in transitu, nor until it became incorporated with the mass of property in the state.  *Brown* v. *Maryland*, 12 Wheaton, 442; Smith's Con. 341; Cooley's Const. Lim. 582; *Crandall* v. *Nevada*, 6 Wallace, 35; *The Victoria*, 6 Wallace, 382.  The property had not reached its destination.  It was yet in transition.  To subject

it to taxation, whilst in process of transportation, must inevitably result in imposing restraint upon commerce.

By the Court, LEWIS, C. J. :

That the evidence does not sustain the verdict and special findings of the jury in this case is a point which cannot be considered, for the reason that no motion for new trial was made in the court below. This has been so frequently decided by this court that it is now unnecessary to discuss it.

We will notice the questions which are properly raised upon the record in the order in which they are presented by counsel : and first, that the court erred in denying plaintiff's motion to enter the default of the defendant and render judgment thereon.

I. It is a sufficient answer to this point that there is no showing in the record that a default existed, and it certainly cannot be presumed as against the action of the court below. But independent of this, if the defendant was in default, it was a matter much in the discretion of the judge below to allow the filing of an answer after the time prescribed by statute, especially as no default had been entered, and there was no showing that the failure to plead had occasioned any delay or injury to the opposite party.

II. The court did not err in refusing a change of venue. It is no ground for such change that the people of the county where the action is to be tried are generally interested in the question involved. It is quite manifest from subdivision fifth of Section 164 of the Practice Act, that such interest does not amount to a disqualification. But, independent of the statute, it is always so held.

III. The motion for judgment on the pleadings was also properly denied. All the material facts of the complaint are certainly denied by the answer. The question at issue between the parties was, whether the plaintiff's property belonged in the county of Douglas, so that it might be taxed there at the time the assessment was made by the proper officer of that county. The defendant claims that it was not, but that it was simply in transit through that county, and destined for the county of Ormsby, where it was finally brought and assessed by him. All the necessary facts sus-

taining this conclusion are alleged in the answer, and thus the issue is fairly presented as to whether the property belonged in Douglas County and was legally assessable there. The admission by counsel was simply that the mode of assessment pursued by the assessor of Douglas was regular, not that the property was properly assessable in that county. The motion for judgment on the pleadings was, therefore, properly denied.

IV. We do not see that any fact was submitted to the jury which was not in some way in issue between the parties. Indeed, all the issues so submitted bear upon the main question in the case, namely: whether the property in question could properly have been assessed in Douglas County. But, even admitting that irrelevant issues or facts admitted by the pleadings were so submitted; if the plaintiff was not prejudiced thereby he has no substantial ground of complaint. And it is not shown here in what manner he is prejudiced by the irregularity complained of.

V. As we cannot look into the evidence, the special verdict of the jury must be accepted as fully supported by it; and the findings of facts clearly show that the property was not assessable in the county of Douglas. The statute requires or authorizes the assessment of all property in the county during a certain time in each year. Now, what property is to be understood as being in the county? Can it be said that such as is simply passing through it for the purpose of finding a market elsewhere, or is destined for some other county in the state, is property in the county through which it is passing for the purpose of taxation? Certainly not. To constitute it property for that purpose in any particular county, it must be in such situation as to make it a part of the wealth of that county; it must belong in it; must be incorporated with the other property of the county. Here it is found that the plaintiff was not a resident of the state of Nevada even at the time of the assessment in Douglas County, and that the property was simply in transitu to the town of Empire, in the county of Ormsby. In such case, it was manifestly not property taxable in the former county.

In the case of *Hays* v. *The Pacific Mail Steamship Company*, 17 How. 597, which was an action growing out of an assessment

and taxation of the steamers of the company in California, the vessels being owned and registered in New York, but plying between Panama and San Francisco, it was held that they were not subject to taxation in California, upon the ground that it had no jurisdiction over them for the purpose of taxation, the court saying that they were satisfied the state of California had no jurisdiction over these vessels for the purpose of taxation ; that they were not properly abiding within its limits so as to become incorporated with the other personal property of the state, they were then but temporarily engaged in lawful trade and commerce, with their *situs* at the home port where the vessels belonged, and where the owners were liable to be taxed for the capital invested.    See also *St. Louis* v. *The Ferry Company*, 11 Wallace, 423.

The rule which would justify the taxation of this property in Douglas County under the facts found by the jury, would authorize the taxation of all property temporarily remaining in a county while being transported through by railroad or some other mode of conveyance to another point.    Such is not the law, nor will the statute warrant that construction.

Judgment below affirmed.