[No. 1146.]

JOHN ROBINSON, RESPONDENT, *v.* A. A. LONGLEY, APPELLANT.

FAILURE TO FILE BRIEFS—WHEN JUDGMENT SHOULD BE AFFIRMED.—When appellant's counsel fails to file any points or authorities, as required by the rules of this court, the judgment appealed from should be affirmed.

JURISDICTION OF DISTRICT COURT—LEGALITY OF TAX.—The district court has jurisdiction of an action brought to recover money paid under protest for an illegal tax, although the amount in controversy is less than three hundred dollars.

CIRCUS—WHEN NOT TAXABLE.—A traveling circus and menagerie, owned by a non-resident, and brought into this state, to be exhibited at various places, and then taken into and through other states for the same purpose, is not subject to taxation in this state.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion.

No brief for appellant.

*John R. Kittrell* and *Thomas E. Haydon,* for Respondent:

I. Property to be taxable must be abiding within the limits of a state or county; must be incorporated with the wealth of the state or county.

By the Court, LEONARD, J.:

Plaintiff is a resident of Hamilton county, state of Ohio, where he pays and has heretofore continually and uniformly paid taxes upon the property hereinafter mentioned. In July, 1882, he was, and for a long time prior thereto had been, the owner of a circus and menagerie. In the month mentioned he was traveling and exhibiting his said circus and menagerie, transporting the same on the cars of the Union Pacific and Central Pacific Railways, from Omaha, Nebraska, to the town of Reno, in this state, where he remained and exhibited one day. He also exhibited in other towns in the state, along the lines of railroads. He did not come to the state or bring his property here, to remain longer than was necessary in order that he might exhibit the same. After exhibiting in the state as before stated, he intended to take his circus and menagerie to the principal cities and towns in California, and in fact did so.

While said property was in Washoe county, the defendant, as assessor thereof, assessed said circus and menagerie for state and county purposes, in the sum of ten thousand dollars, and threatened to seize and sell said property, unless the tax of two hundred and seventy-five dollars should be forthwith paid thereon. To prevent such seizure and sale, plaintiff then and there paid said tax under protest, and thereafter brought this action to recover back the same.

Defendant demurred to the complaint on the ground that

the same did not state a cause of action, and that the second judicial district court did not have jurisdiction of the cause of action. The demurrer was overruled, and defendant failing to answer in the time allowed therefor, judgment by default was entered. This appeal is taken from the judgment.

Appellant has failed to file any points and authorities as required by the rules of this court. For this reason alone, we should be justified, under former decisions, in affirming the judgment appealed from; but from the character of the case we deem it advisable to pass upon the merits of the appeal.

The court below had jurisdiction of the cause of action. The case involves the legality of a tax. Const. art. VI, sec. 6. The complaint states a cause of action against defendant. The property was not assessable in this state. In the sense of the statute, for the purposes of taxation, it was not within the state. It was passing through the state at the time of the assessment. It was here temporarily in the ordinary course of business. When he came here, plaintiff intended to remain in the state but a few days—just long enough to fill the engagements advertised—and then to continue his journey to other places in a neighboring state. He intended to take away all the property he brought with him. He was actually "on the wing," passing from one state to another. As well might this property have been taxed, if for the purpose of rest or health, plaintiff had stopped a few days in Washoe county. As well might a resident of another state be taxed on his money and team, if he comes on a visit to the state, to remain a week. (*Barnes* v. *Woodbury*, 17 Nev. 383; *Conley* v. *Chedic*, 7 Nev. 341; *State* v. *Engle*, 34 N. J. Law, 427; *Hoyt* v. *Com'rs.* 23 N. Y. 240; Id. 245.)

The judgment is affirmed.