[No. 2355]

# ROBERT J. POTTER, RESPONDENT, *v.* LOS ANGELES AND SALT LAKE RAILROAD COMPANY (A CORPORATION), APPELLANT.

[177 Pac. 933]

1. APPEAL AND ERROR—MATTERS REVIEWABLE—RULING ON MOTION TO STRIKE MATTER FROM PLEADING.

Under Rev. Laws, 5340, the court on appeal from judgment will review court's ruling on motion to strike certain affirmative matter pleaded in answer.

2. MASTER AND SERVANT—COMPLAINT—SAFETY APPLIANCE ACT.

In brakeman's action for injuries based on federal safety appliance act (U. S. Comp. St., secs. 8605–8612) and federal employers' liability act (U. S. Comp. St., secs. 8657–8665), complaint *held* to base plaintiff's right of recovery on railroad's negligence in having defective automatic coupler, and not on operation of cars at an excessive speed; the allegation of speed showing necessity of jumping from car after it became uncoupled.

3. MASTER AND SERVANT—INJURY TO BRAKEMAN—PROXIMATE CAUSE—DEFECTIVE COUPLERS—EXCESSIVE SPEED.

In brakeman's action for injuries from use of defective coupler in violation of federal safety appliance act (U. S. Comp. St., secs. 8605–8612), causing brakeman to jump upon uncoupling of car because of the excessive speed, the brakeman's contributory negligence in jumping was only a concurring cause of the injury.

4. MASTER AND SERVANT—INJURY TO BRAKEMAN—DEFECTIVE COUPLER—CONTRIBUTORY NEGLIGENCE.

Brakeman, injured in jumping from car after the uncoupling of car because of a defective coupler used in violation of federal safety appliance act (U. S. Comp. St., secs. 8605–8612), can recover against railroad notwithstanding his contributory negligence in jumping from car, under federal employers' liability act, sec. 3 (U. S. Comp. St., sec. 8659).

5. MASTER AND SERVANT—INJURY TO BRAKEMAN—ASSUMPTION OF RISK—VIOLATION OF FEDERAL SAFETY APPLIANCE ACT.

In brakeman's action based on federal employers' liability act (U. S. Comp. St., secs. 8657–8665) for injuries by reason of railroad's use of defective coupler in violation of federal safety appliance act (U. S. Comp. St., secs. 8605–8612), the defense of assumption of risk *held* not available to railroad under federal employers' liability act, sec. 4 (U. S. Comp. St., sec. 8660).

APPEAL from Tenth Judicial District Court, Clark County; *J. Emmett Walsh*, Judge.

Action by Robert J. Potter against the Los Angeles and Salt Lake Railroad Company, a corporation. Judgment for plaintiff, and defendant appeals. **Affirmed.**

*F. R. McNamee* and *Leo O. McNamee,* for Appellant:

It is clear from the substance of the pleas that they refer only to the second count, and are not set up as a defense to the whole action. "If a plea does not relate to every count, and does not specify the particular counts to which it does refer, but it is clear from the substance of the plea what count it in fact refers to, this is sufficient." 31 Cyc. 143. Motions to strike are not to be encouraged. A motion to strike a paragraph for irregularity should be denied if any portion of it is relevant or responsive. 31 Cyc. 615, 616. In determining whether certain matter is irrelevant, reference can be had to that count or defense alone in which such matter appears, and not to any other count or defense. Berry v. E. L. Moore Co., 48 S. E. 249. The fact that a defense may have been defectively pleaded in some particulars is not ground for a motion to strike out, but the proper method of reaching such defects is by demurrer, and a party who defectively pleads a good defense should be allowed an opportunity to amend his pleading. De Baker v. Railway Company, 106 Cal. 259. "A defective pleading cannot be stricken out by reason of its defects upon the ground of surplusage. * * * A demurrer would have been the proper means to have tested the sufficiency of the answer, and the motion to strike out was properly denied." Pacific Factor Co. v. Adler, 90 Cal. 110.

Any affirmative defense, and especially the defenses of contributory negligence and assumption of risk, must be affirmatively pleaded by a defendant before he can introduce any evidence on such affirmative matter at the trial of the cause. Konig v. N.-C.-O. Ry., 36 Nev. 181. Assumption of risk is still a defense to an action brought under the federal employers' liability act, and the provisions of that act in no way take away this defense. Boldt v. Penn. R. R. Co., 38 Sup. Ct. 139. "The fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of

negligence attributable to such employee." In order to preclude a defendant from interposing the defenses of assumption of risk or contributory negligence, it must appear that the defective coupling, or other violation of the safety appliance act, contributed to the injury. Act of March 2, 1893, c. 196, 27 U. S. Stats. L. 531; 6 Fed. Stats. Anno. 752, 753.

*Edmon, G. Bennett* and *Chas. E. Barrett,* for Respondent:

"No cars, either loaded or unloaded, shall be used in interstate commerce which do not comply with the standard." Safety Appliance Act, 27 Stats. L. 531; U. S. Comp. Stats. 1913, sec. 8606; 36 Stats. L. 298. The language of the acts of Congress makes it entirely clear that the liability in damages-to employees for failure to comply with the law springs from its being made unlawful to use cars not equipped as required—not from the position in which the employee may be, or the work which he may be doing at the moment he is injured. L. & N. R. Co. v. Layton, 243 U. S. 617; St. Louis & I. M. R. Co. v. Taylor, 210 U. S. 281; C. B. & Q. R. Co. v. Williams, 242 U. S. 462; Texas & B. R. Co. v. Rigsby, 241 U. S. 33.

Where a statute for the safety of employees is violated, the doctrine of assumption of risk has no application. Houston Ry. Co. v. De Walt, 87 Am. St. Rep. 891; Valley S. S. Co. v. Waltawa, 244 U. S. 202.

The defendant company should have provided automatic couplers for its cars. Atlantic City R. Co. v. Parker, 242 U. S. 56.

The special answers filed by the appellant were answers to a cause of action stated in two counts of a complaint. The answer to be good should state facts sufficient to constitute a defense to both counts of the complaint. Otherwise the answers would be insufficient. Moffatt v. Roach, 76 Ind. 75; Farman v. Chamberlain, 76 Ind. 381; School Township v. Moore, 80 Ind. 276; City of Newark v. New Jersey, 53 Atl. 294; Copeland v.

Copeland, 89 Ind. 29. Where an answer purports to answer the entire pleading, and is bad as to any one count, it is bad altogether on demurrer. Greenville v. Greenville Water Co., 125 Ala. 625; Mobile Electric Co. v. Elder, 115 Ala. 138; Hoge v. Herzberg, 141 Ala. 439; Wallace v. Bear River, 18 Cal. 461; Illinois Central v. Swift, 213 Ill. 307; Falsmouth v. Shawhan, 107 Ind. 47; Pelty v. Christ Church, 15 Pick. 302; Foster v. Hazen, 12 Barb. 547; Root v. Hibben, 66 Ind. 247; Estill v. Jenkins, 4 Dana, 75; Case v. Boughton, 11 Wend. 106.

The defenses attempted to be interposed are not allowed under the laws of Nevada. Stats. 1913, p. 137; Stats. 1915, p. 279; Stats. 1917, p. 437.

The second count of the complaint was based upon the acts of Congress, and the answers stricken out could not constitute a defense. U. S. Comp. Stats. 1916, sec. 8657; U. S. Comp. Stats. 1913, sec. 8606; La Mere v. Railway, 125 Minn. 159; Nashville R. Co. v. Henry, 158 Ky. 88; Railroad v. Brown, 144 Pac. 1075; Railway v. Layton, 243 U. S. 617; Railway v. Moore, 243 U. S. 311.

The defendant, in violating the safety appliance act, had no defense. United States v. Railway, 163 Fed. 517; United States v. International, 174 Fed. 638; Railway v. Taylor, 210 U. S. 281; C. B. & Q. R. Co. v. United States, 220 U. S. 559; Railway v. Williams, 242 U. S. 462.

By the Court, COLEMAN, C. J.:

Potter brought suit to recover damages for personal injury, and, judgment having been rendered against the railroad company, it has appealed.

1. A motion to dismiss the appeal has been interposed by respondent, upon the ground that, while the appeal is from the judgment, the error assigned and ruled upon is directed solely to an order made by the court sustaining a motion to strike certain affirmative matter pleaded in the answer. The motion must be denied. Section 5340 of the Revised Laws expressly provides that, upon an appeal from a judgment, the court may review intermediate orders.

The complaint contains two counts, both of which allege the corporate capacity of the company; that it was on June 12, 1917, a common carrier by railroad, engaged in interstate commerce, in that it was transporting passengers and freight in and between the States of Nevada, California, and Utah; that said company, in the conduct of its business, kept and maintained shops, yards, and a division point at Las Vegas, Nevada; that on the day mentioned plaintiff was in the employ of the company as a brakeman, engaged in the switching of cars which were being used in interstate commerce in the yards of said company at the division point; that at the time of the alleged injury defendant was operating the cars at an excessive rate of speed; and that while thus engaged in switching cars plaintiff was injured through the negligence of the company in not having equipped and maintained in good working order automatic couplers upon the cars so being used in interstate commerce, which were being switched in said yards.

The first count pleaded the Nevada workmen's compensation act (Stats. 1913, c. 111), and that defendant had rejected the same. The second count was substantially the same as the first, but, instead of pleading the aforesaid act, pleaded the federal safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531; U. S. Comp. St. 8605–8612), and the federal employers' liability act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65; U. S. Comp. St. 8657–8665).

The defendant company filed an answer in which it denied the acts of negligence alleged in both counts of the complaint, and also set up an affirmative defense of contributory negligence on the part of the plaintiff in bar to the action, and pleaded that plaintiff had assumed the risk.

At the time of the trial plaintiff withdrew his first cause of action.

The error assigned on this appeal pertains to an order sustaining a motion made by counsel for plaintiff to strike from the answer the affirmative defenses of contributory negligence and assumed risk. The motion to

strike these defenses was based upon the ground that, when a cause of action pleaded in a complaint is founded upon a violation of the federal statutes, contributory negligence and assumed risk are not defenses and have no proper place in the answer, and counsel for respondent contend that no error was committed by the court in striking the said defenses.

Section 3 of the federal employers' liability act reads:

"In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee; *provided,* that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." U. S. Comp. St. 1916, vol. 8, p. 9423.

Section 4 of said act provides:

"In any action brought against any common carrier under or by virtue of any of the provisions of this act to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." U. S. Comp. St. 1916, vol. 8, p. 9427.

Counsel for appellant concede the correctness of the general contention made by counsel for respondent as to the rule of law, but insist that there is nothing in the act which prohibits the making of the defenses of contributory negligence and assumed risk when the complaint sets up, as it is asserted is the fact in the case at bar, not only a violation of the federal act, but also

alleges the negligence of the company in operating the cars mentioned in the complaint at an excessive rate of speed, since it is no violation of a federal statute to operate trains or cars at an excessive rate of speed.

2, 3. While we are inclined to the view that the general principle of law contended for by counsel for appellant is correct, we do not think that the complaint in question brings the case within the rule. It is clear from the complaint that plaintiff, as a basis of recovery, relies upon the negligence of the appellant in having a defective automatic coupler upon the car which was being switched. The allegation as to the speed of the car was, we take it, for the purpose of showing the necessity for plaintiff's jumping from a car after it had become uncoupled, and was not pleaded as a cause of action. Conceding, for the purpose of the case, that the plaintiff was guilty of contributory negligence in jumping from the car, it was only one of the concurring causes of plaintiff's injury, for the proximate cause was the defective coupler. But for the defective coupler, the cars would have been under perfect control; they would not have run at an excessive rate of speed, and there would have been no injury. We think the language of the court in Otos v. Great Northern Ry. Co., 128 Minn. 283, 150 N. W. 922, is squarely in point. The court said:

"Defendant contends that the proximate cause of plaintiff's injury was, not the defective condition of the coupling, but his violation of a rule of the employer forbidding employees going between moving cars. It appears that there was such a rule. There is evidence that in this yard it had, with the knowledge of the yardmaster, been more honored in its breach than in its observance. But, whatever may be said of the propriety of plaintiff's act in going between the cars, it was only one of the concurring causes of plaintiff's injury. The violation of the statute was one cause of his injury. Turrittin v. Chicago, St. P., M. & O. Ry. Co., 95 Minn. 408, 104 N. W. 226; Sprague v. Wisconsin Cent. Ry. Co., 104 Minn. 58, 116 N. W. 104. This is all that is necessary to create liability. The statute which abolishes

contributory negligence 'would be nullified by calling
plaintiff's act the proximate cause, and then defeating
him, when he could not be defeated by calling his act
contributory negligence.   *   *   *   It is only when the
plaintiff's act is the sole cause—when defendant's act is
no part of the causation—that defendant is free from
liability under the act.' Grand Trunk Western Ry. Co.
v. Lindsay, 233 U. S. 42, 47, 34 Sup. Ct. 581, 582, 58
L. Ed. 838, Ann. Cas. 1914C, 168, quoting 201 Fed. 844,
120 C. C. A. 166."

The judgment in that case was affirmed by a unani-
mous court in Great Northern Ry. Co. v. Otos, 239 U. S.
349, 36 Sup. Ct. 124, 60 L. Ed. 322, where it is said:

"Under the instructions of the court, the jury must
have found that the defect was the proximate cause of
the injury, as that was made a condition of the plain-
tiff's right to recover. If so, the fact that the plaintiff's
conduct contributed to the result was not a defense."

It will be seen that the entire question turned upon
what was the proximate cause of the injury.

4. In the case at bar, if the railroad company was
negligent in failing to equip and maintain its cars with
automatic couplers in such safe condition as is required
by the act of Congress, and because thereof the cars
became uncoupled, such failure was the proximate cause
of the injury, and, notwithstanding the fact that the
plaintiff may have been guilty of contributory negligence
in jumping from the car, he can recover.   .

5. And since section 4 of said act of Congress, supra,
provides that an employee shall not be held to have
assumed the risk of his employment in any case where
the violation by such common carrier of any statute
enacted for the safety of employees contributes to the
injury of an employee, no error was committed in strik-
ing the defense of assumed risk.

Counsel for appellant say in their brief that, had the
company admitted in its answer that the defective
coupling was the proximate cause of the injury, there
might be some ground for sustaining the motion. We
do not think it matters whether or not the answer

admitted the defective coupling to have been the proximate cause of the injury. It is clear from the complaint that such was the theory of the pleader; and in view of the denials in the answer, if plaintiff had failed to establish that fact by his evidence, he could not have recovered a judgment.

The court did not err in its order striking the defenses of contributory negligence and assumed risk, and the judgment should be, and is, affirmed.