## JOHNS-MANVILLE, Inc. v. LANDER COUNTY

### No. 2696

October 14, 1924.                     229 Pac. 387.

1. APPEAL AND ERROR—APPEAL NOT DISMISSED FOR FAILURE TO
SERVE BILL OF EXCEPTIONS, COPY OF RECORD OR JUDGMENT ROLL
UNTIL APPELLANT HAS OPPORTUNITY TO CURE DEFECT.

Under Stats. 1923, c. 97, sec. 2, which should be construed
most liberally, appeal will not be dismissed for failure to file
bill of exceptions, or serve it or copy of record or judgment
roll on respondent, until appellant has been given opportunity
to cure defect.

2. APPEAL AND ERROR—ORDER REFUSING TO SET ASIDE DEFAULT NOT
APPEALABLE; "FINAL JUDGMENT."

Order refusing to set aside default is not "final judgment,"
nor order from which appeal may be taken, under Rev. Laws,
sec. 5329, as amended by Stats. 1913, c. 91.

3. APPEAL AND ERROR—NO APPEAL, EXCEPT AS PROVIDED IN STATUTE.

There can be no appeal, except as provided in statute.

See 3 C. J. sec. 29, p. 316, n. 43; sec. 360, p. 527, n. 36; 4 C. J.
sec. 2380, p. 565, n. 52.

APPEAL from Sixth Judicial District Court, Humboldt
County; *James A. Callahan,* Judge.

Action by Johns-Manville, Inc., of California, against
the county of Lander and others. From an order refusing to set aside default, defendants appeal. On motion
to dismiss appeal. **Appeal dismissed.**

*Howard E. Browne,* District Attorney, for Appellants:

Default was entered through mistake, inadvertence,
surprise, and excusable neglect of appellants' counsel
under circumstances warranting and requiring court to
exercise discretion, as provided in 5084 Rev. Laws, to
set it aside and allow hearing on merits.

This section has been liberally construed. Where
motion to set default aside is made in due time and
meritorious defense is shown, relief will be granted.
Kidd v. Four Twenty Mng. Co., 3 Nev. 381; Howe v.
Coldren, 4 Nev. 171; Horton v. New Pass Co., 21 Nev.
189; Conley v. Chedic, 7 Nev. 336; Nolan v. May, 36
Nev. 611; Bowman v. Bowman, 47 Nev. 207.

Where complaint fails to state cause of action, any
judgment entered thereon can be vacated in proper
action. Where court acquires no jurisdiction and default

is entered, judgment is void and will be set aside on application. Continental Gin Co. v. Arnold, L. R. A. 1918B, 511; Ward v. Bank, 225 Pac. 497; W. U. Tel. Co. v. Beach, 1034.

*L. O. Hawkins,* for Respondent:

Right of appeal from district court is governed by chapter 46 of the civil practice act, as amended, and does not provide for appeal from order refusing to set aside default before final judgment. Rev. Laws, 5325, 5329, as amended 1913 Stats. 113; Botsford v. Langan, 29 Nev. 459.

Appeal taken before rendition of judgment will be dismissed. Elko-Tuscarora Mer. Co. v. Wines, 24 Nev. 305.

Where record shows mere sustaining of demurrer without judgment, appeal will be dismissed. Keyser v. Taylor, 4 Nev. 435.

Appeal cannot be taken from judgment or any part thereof until all rights of parties are determined and fixed. Lake v. Lake, 17 Nev. 236.

Order setting aside default before entry of judgment is not appealable, it not being order after judgment nor interlocutory order within Code Civ. Proc. sec. 963. Savage v. Smith, 97 Pac. 821; Bowen v. Webb, 85 Pac. 739; 3 C. J. 437.

In absence of bill of exceptions matter cannot be reviewed on appeal, though there may be question whether such objection should be raised on merits of appeal, rather than on motion to dismiss.

Appeal should be dismissed because no record of appeal was served as required by rule xiii, sec. 3; 1923 Stats. 165.

Refusal to vacate order of default before judgment is mere interlocutory, reviewable only on appeal after final judgment. Jordan v. Hutchinson, 81 Pac. 867.

## OPINION

By the Court, COLEMAN, J.:

The respondent has moved to dismiss the appeal in this

case upon three grounds: (1) That the court is without jurisdiction to consider the appeal, for the reason that it was prematurely taken, in that no final judgment had been rendered against the appellants or either of them; (2) that no bill of exceptions had been filed or served upon the respondent, as provided by the rule of this court, and (3) that no copy of the record on appeal, or judgment roll, had been served upon the respondent.

1. We may say generally that there is no merit in either of the last two grounds. Section 2 of chapter 97, Stats. 1923, provides that no appeal shall be dismissed for any defect or informality in the appellant's proceedings, until the appellant has been given an opportunity to correct such defect. This is an excellent provision and should be construed most liberally.

2. The first ground of the motion is well taken. Section 5329, Rev. Laws, as amended by chapter 91, Stats. 1913, p. 113, designates the judgments and orders from which an appeal may be taken. Paragraph 1 of that section provides that an appeal may be taken from a *final* judgment within six months. Nowhere in the statute is there an authorization of an appeal from an order refusing to set aside a default, and such is the order sought to be appealed from in this case.

3. The right of appeal is fixed by the statute, and there can be no appeal except as provided therein. We have no discretion in the matter. No final judgment having been rendered, and this not being a case falling within the terms of either of the other paragraphs of the law authorizing an appeal, the motion must be sustained. Sherman v. Standard M. Co., 166 Cal. 524, 137 Pac. 249; Bowen v. Webb, 34 Mont. 61, 85 Pac. 739; Elko-Tuscarora M. Co. v. Wines, 24 Nev. 305, 53 Pac. 177.

Appeal dismissed.

## On Second Motion to Dismiss

April 3, 1925.                               234 Pac. 518.

1. Appeal and Error—Filing of Notice of Appeal with Clerk, and Actual Service of It, or Copy, Held Necessary.
  Filing of notice of appeal with clerk, and actual service of

it, or copy, thereafter upon adverse party, *held* requisite to perfection of appeal, in view of Rev. Laws, sec. 5330, and section 5369, as amended by Stats. 1923, c. 72, and mere attempt to serve is insufficient.

2. APPEAL AND ERROR—THAT NOTICE OF APPEAL CONTAINS MORE MATTER THAN IS REQUIRED HELD NOT GROUND FOR DISMISSING APPEAL.

That notice of appeal contains more matter than is required *held* not ground for dismissing appeal.

3. APPEAL AND ERROR—SUPREME COURT MAY REVIEW INTERMEDIATE ORDERS WITHOUT REFERENCE THERETO IN NOTICE OF APPEAL FROM JUDGMENT.

On an appeal from a judgment, supreme court may review intermediate orders without reference thereto in the notice of appeal.

4. APPEAL AND ERROR—MERE STATEMENT IN NOTICE OF APPEAL THAT DEFENDANT APPEALS FROM ORDER AS WELL AS FROM JUDGMENT DOES NOT OUST SUPREME COURT OF JURISDICTION.

Mere statement in notice of appeal that defendant appeals from order as well as from judgment does not oust supreme court of jurisdiction.

5. APPEAL AND ERROR—FAILURE ACTUALLY TO SERVE COPY OF NOTICE OF APPEAL HELD JURISDICTIONAL DEFECT REQUIRING DISMISSAL OF APPEAL; "DEFECT OR INFORMALITY:"

Failure actually to serve copy of notice of appeal on adverse party *held* jurisdictional defect requiring dismissal of appeal in view of Rev. Laws, sec. 5330, and section 5369 as amended by Stats. 1923, c. 72, not being curable "defect" or "informality" within Stats. 1923, c. 97, sec. 2.

6. APPEAL AND ERROR—PARTY MAY FILE AND SERVE NEW NOTICE OF APPEAL IF TIME FOR APPEALING HAS NOT EXPIRED.

A party whose attempted service of notice of appeal upon adverse party fails may file a new notice and serve it if time within which the appeal may be taken has not expired.

See 3 C. J. sec. 1328, p. 1227, n. 59; sec. 1332, p. 1229, n. 77, 78; sec. 1333, p. 1230, n. 82, 83; sec. 1338, p. 1235, n. 22; 4 C. J. sec. 2380, p. 567, n. 74; p. 572, n. 16 (new).

APPEAL from Sixth Judicial District Court, Humboldt County; *James A. Callahan*, Judge.

Action by the Johns-Manville, Incorporated, of California, against the county of Lander. From adverse order and judgment, defendant appeals. On motion to dismiss. **Appeal dismissed.**

(Judge Callahan died, and Mr. L. O. Hawkins, of Winnemucca, former attorney for respondent herein,

was appointed district judge, and Mr. Lunsford substituted as attorney for respondent in this case.)

*E. F. Lunsford,* for Movant:

Order sought to be appealed from is not appealable, being made before final judgment and not of character from which appeal is authorized. In earlier appeal, this court referred to 5329 Rev. Laws, as amended 1913 Stats. 113, and pointed out that statute designates judgment and orders from which appeal may be taken, and says that nowhere in statute is there authorization for appeal from order refusing to set aside default. Court held, in effect, not that appeal was premature, but that order was not appealable.

More than sixty days had intervened between date of making order and filing notice of appeal. Statute quoted is only section providing for time within which appeals may be taken. After providing that appeal from final judgment may be taken within six months, section deals with orders and interlocutory judgments and fixes maximum at sixty days. When appeal is not taken within time provided motion to dismiss must be sustained. Clark v. Turner, 42 Nev. 450; Nelson v. Smith, 42 Nev. 302; Luke v. Coffee, 31 Nev. 165.

No appeal has been perfected from order in that no copy of notice was served before, at time or, or within three days after filing notice. 5330 Rev. Laws.

Service of notice is jurisdictional and cannot be waived. Reese M. C. v. Rye Patch M. Co., 15 Nev. 341; State v. Brown, 30 Nev. 497.

Notice of appeal from order is combined in same paper with notice of appeal from judgment and is attempt to combine two appeals in one notice. 5330 Rev. Laws, in providing what two appeals may be combined in same notice, excludes all others. This not being appeal from judgment and order denying motion for new trial, two appeals cannot be united in same notice.

Record on appeal consisting of only cost bill, judgment, certificate, notice and certificate to record is insufficient. 5273 Rev. Laws.

*Howard E. Browne,* for Appellant:

Except in case of willful intent to delay, party with good defense should be allowed to set it up, notwithstanding negligence on part of himself or counsel. Howe v. Coldren, 4 Nev. 171. In all decisions of this court on defaults, there is only one in which court refused to set aside default where application was made within reasonable time, excusable neglect shown, and meritorious defense asserted, viz: Harper v. Mallory, 4 Nev. 417. Its doctrine was disapproved in Horton v. New Pass, etc., Co., 21 Nev. 184, wherein Howe v. Coldren was approved. Most recent case of Bowman v. Bowman, 47 Nev. 207, cited Howe v. Coldren with approval. Same ruling obtains in other states having similar statute. Watson v. R. R. Co., 41 Cal. 17; Grady v. Donohoo, 41 Pac. 41; Park v. Hillman, 224, Pac. 100; Toon v. Pickwick Stages, 226 Pac. 628.

Purpose of remedial statute is to grant relief to litigants who can show good defense, who have been guilty of only carelessness with no willful or fraudulent intention to delay.

Where court acquires no jurisdiction to enter judgment but judgment is entered by default it is void and will be set aside on proper application. Continental Gin Co. v. Arnold, L. R. A. 1918B, 511, 167 Pac. 613.

Default judgment on complaint which states no cause of action will be reversed. 5084 Rev. Laws; Ward v. Bank, 225 Pac. 497; Johnson v. Gooch, 211 Pac. 551.

Affidavit of merits made by attorney, with copy of proposed answer is sufficient. Doubt should be resolved in favor of applicant. Sherman v. S. P. Co., 31 Nev. 285; Bowman v. Bowman, supra.

## OPINION

By the Court, COLEMAN, C. J.:

Heretofore we entered an order in a case entitled as above and concerning the same litigation, whereby we dismissed an appeal from an order made before final

judgment. 48 Nev. 244, 229 P. 387. Subsequently to the entry of that order, counsel for the defendants gave notice of appeal to the effect that defendant, county of Lander, "hereby appeals to the Supreme Court of the State of Nevada, from the order of this court denying defendant county of Lander's motion to set aside the default entered against said county of Lander and to allow said county of Lander to answer the complaint filed in this action on the merits; and said county of Lander, State of Nevada, also appeals from the judgment in said action against the county of Lander, as the same appears on file in the above-entitled court and cause. Said appeal is upon the judgment roll alone."

The plaintiff has moved to dismiss upon several grounds: (1) Because no appeal can be taken from the order mentioned; (2) because more than 60 days have elapsed since the making of the order mentioned and before an appeal was attempted to be taken in the matter; (3) because no copy of the notice of appeal was served upon the plaintiff or its attorney within three days after the filing of said notice of appeal, nor at the time of or prior to the filing of said notice; (4) that the notice of appeal from said order is combined in the same paper with a notice of appeal from the judgment which was made and entered in said action on December 20, 1924, and is an attempt to combine two appeals in one notice, not authorized by law; (5) that there is not a sufficient record on appeal from either the order of the Sixth judicial district court of the State of Nevada, in and for the county of Humboldt, of date March 5, 1924, denying the motion of the defendant county of Lander to set aside the default entered against said county of Lander, or from the judgment made and entered in said mentioned court on the 30th day of December, 1924, to properly, or at all, present the questions and matters sought to be urged and raised on either of said appeals to the Supreme Court of the State of Nevada, in this, that the said appeals are each and both taken upon the judgment roll alone, and there is no judgment roll in the said record on appeal.

Counsel for respondent calls our attention to section 5330, Revised Laws, which provides:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same or some specific part thereof, and within three days thereafter serving a similar notice or copy thereof on the adverse party or his attorney."

Upon the hearing an affidavit was read to the effect that no notice or copy of the notice of appeal was served upon the plaintiff or its counsel as provided by law. It was stipulated that counsel for appellant attempted to serve the notice upon counsel for the plaintiff and, failing to find him in his office, handed a copy of the notice to another party to be served. But that is the only showing in the matter.

1. The filing of a notice of appeal with the clerk and the service of it or a copy thereafter upon the adverse party or his attorney are necessary to the perfection of the appeal. No mere effort to make service will satisfy the statute. There must be an actual service, as provided in section 5369, Revised Laws, as amended by statute (1923 Stats. pp. 103, 104).

That the filing and service of the notice in question are jurisdictional is not questioned by counsel for appellant, and that such is the law is well settled in this state. This court, in Spafford v. White River Valley L. & L. Co., 24 Nev. 184, 51 P. 115, quoting approvingly from a former opinion of the court, held:

"In order to take and perfect an appeal, the appellant should first file his notice of appeal, next serve it, and within five days of the filing of the notice, file an undertaking on appeal; the service of the notice must precede or be contemporaneous with the service."

See, also, State v. Brown, 30 Nev. 495, 98 P. 872.

2, 4. In the cases mentioned the point in question was as to the order of serving; the court holding that, when the service was not in the order prescribed by the statute, the appellate court acquired no jurisdiction. In the instant case, where there was an entire lack of

service of the notice, there would be even stronger ground to sustain the conclusion that this court acquired no jurisdiction of the appeal. While what we say disposes of the entire appeal, we may add that if the notice had been properly served, the mere statement in the notice to the effect that the defendant appeals from the order as well as the judgment would in no way oust this court of jurisdiction. An appeal will not be dismissed merely because the notice of appeal contains more matter than is required. On an appeal from a judgment, this court may review intermediate orders without reference thereto in the notice of appeal, and a notice such as complained of would not be prejudicial. Potter v. L. A. & S. L. R. R. Co., 42 Nev. 370, 177 P. 933.

5, 6. Counsel for appellant contends that, pursuant to section 2, Stats. 1923, p. 164 (which provides that no appeal shall be dismissed for any defect or informality in the appellate proceedings until the appellant has been given an opportunity to correct the defect), the appeal in this matter should not be dismissed without his being given an opportunity to serve a copy of the notice of appeal on the respondent. It cannot be said that the failure to serve a copy of the notice of appeal was a defect or informality. It was a total failure to comply with a jurisdictional requirement of the statute. There is a wide difference between rectifying a defect or informality and the performing of an act which was not done at all, especially when that act is jurisdictional as is the service of a copy of a notice of appeal. In this connection we deem it proper to suggest, if the time within which an appeal may be taken has not expired, that a new notice may be filed and served. Douglass v. Thompson, 35 Nev. 196, 127 P. 561, Ann. Cas. 1914c, 920.

Other matters were discussed upon the argument, but we do not deem it necessary to consider them.

It is ordered that the appeal be dismissed.