HAMILTON & GLEASON CO. v. EMERY COUNTY et al.

No. 4893. Decided February 17, 1930. (285 P. 1006)

*L. A. McGee,* of Price, for appellant.

*F. E. Woods,* of Price, and *W. G. Peacock,* of Castle Dale, for respondents.

STRAUP, J.

This case was brought to recover money paid under protest for taxes. It went off on a demurrer to the complaint. The point involved is as to whether the property was taxable in the state.

In the complaint it is alleged that the plaintiff is a nonresident corporation; that in 1925 it entered into a contract with the Denver & Rio Grande Western Railway Company

to do construction work in Emery county, Utah; that to do such work the plaintiff brought from Colorado to Emery county concrete mixers, tractor engines, steam shovels, dump wagons and cars, small locomotives, plows, 133 work animals and harness sets, 3,000 feet of pipe, 40 tons of hay and oats, 31 tenthouses, and merchandise and cooking equipments. It is not alleged just when the contract was entered into and the property brought into Emery county. It is alleged that it was entered into and the property brought into Emery county "sometime in the year 1925." It then is alleged that such property was used in Emery county in the fulfillment and performance of the contract, until February 11, 1926, when a part of it was removed, part on March 12, 1926, and all of the remaining property April 30, 1926, from the state of Utah to other points, the greater portion of it to Arapahoe county, Colo., the residence of the plaintiff. All of such property was assessed by the county assessor of Emery county for taxes for the year 1926 at a valuation of over $52,000. That value, on plaintiff's application, was reduced by the board of county commissioners of Emery county to $28,300, the tax on which amounted to $897, and which was paid under protest.

The contention of the plaintiff is that the property was brought into the state for only a temporary use and purpose and with the intention to remove it, as it was, as soon as the construction work was completed, and hence was not subject to taxation in this state. By Comp. Laws Utah 1917, §§ 5861, 5875, and 5876, it is provided that all property in this state not exempt under the laws of the United States or under the Constitution of this state shall be taxed in proportion to its value, that all taxable property must be assessed in the county, city, town, or district in which it is situated, and that the county assessor must, before the first Monday of May of each year, assess all property in the county subject to taxation, to the person by whom it was owned or claimed or in whose possession or control it was at 12 o'clock noon, of the 1st day of January next preceding

and at its value on that date. By article 13, § 10, of the Constitution of the state, it is provided that all corporations or persons in this state, or doing business therein, shall be subject to taxation for state, county, school, municipal, or other purposes, on the real and personal property "owned or used" by them within the territorial limits of the authority levying the tax.

It is well recognized and not disputed that, with respect to personal property of a tangible and corporeal nature and capable of having a situs of its own, the residence of its owner is generally immaterial, and the property taxable where it is found. What chiefly divides the parties is as to whether the property here had acquired a taxable situs, or whether it was merely temporarily in the state without a situs.

In 29 R. C. L. 179, under the heading "Situs of Property of Corporations," it is stated that "a state may tax the tangible personal property of a foreign corporation kept within its limits which is a part of the general permanent body of property within its jurisdiction and is not merely in transit through the state or temporarily staying therein." At page 277 it also is stated "that tangible property of a nonresident kept within the state might be taxed there, unless it was actually in transit for the purposes of foreign or interstate commerce or had stopped for a merely temporary purpose incident to its journey or was in the state temporarily for some reason." But at page 131 it further is stated that "property brought into a state by a contractor to use in the construction of a public work" is there subject to taxation.

In 2 Cooley, Taxation (4th Ed.) § 452, the author says that "the governing rule, as usually stated, is that the taxable situs depends on whether the property is 'permanently' within the state. However, in this connection, the word 'permanently' is apt to be misleading unless read in connection with the facts of the particular case. It means a more

or less permanent location for the time being. It is impossible to lay down any general rule fixing the length of time or degree of permanency necessary to establish a taxable situs in the state. It has been held that property of a construction company, used in construction of a railroad, acquires a situs at the place where used for an indefinite period."

The principle cases cited in support of the texts, that property brought into a state and there used in construction work for an indefinite period is subject to taxation are *Eoff* v. *Kennefick-Hammond Co.*, 80 Ark. 138, 96 S. W. 986, 7 L. R. A. (N. S.) 704, 117 Am. St. Rep. 79, 10 Ann. Cas. 63; *Griggsby Const. Co.* v. *Freeman*, 108 La. 437, 32 So. 399, 58 L. R. A. 349. We think such is the correct rule, and in principle is supported by the case of *Transit Co.* v. *Lynch*, 18 Utah 378, 55 P. 639, 48 L. R. A. 790, where the language of the Constitution, property "used" within the territorial limits of the authority levying the tax, was considered an important element or factor and the case of *Hall* v. *Refrigerator Transit Co.*, 24 Colo. 291, 51 P. 421, 56 L. R. A. 89, 65 Am. St. Rep. 223 with respect to such a constitutional provision cited and approved.

The cases cited and relied on by appellant, *Robinson* v. *Longley*, 18 Nev. 71, 1 P. 377; *Barnes* v. *Woodbury*, 17 Nev. 383, 30 P. 1068; *Kelley* v. *Rhodes*, 9 Wyo. 352, 63 P. 938, 87 Am. St. Rep. 959; Id., 188 U. S. 1, 23 S. Ct. 259, 47 L. Ed. 359; *St. Louis* v. *Ferry Company*, 11 Wall. 423, 20 L. Ed. 192; *Lake Tahoe Ry. & Tr. Co.* v. *Roberts*, 168 Cal. 551, 143 P. 786, Ann. Cas. 1916E, 1196; *Commonwealth* v. *U. P. R. Co.*, 214 Ky. 339, 283 S. W. 119, 49 A. L. R. 1091—are, as we think, not applicable to the alleged facts, and are readily distinguishable.

The judgment of the court below is therefore affirmed, with costs to the respondent.

CHERRY, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.