## STEVENS *vs.* ROSS.

Under the practice act of 1850, the defendant may file his answer at any time before final judgment, notwithstanding his default for not answering may have been entered, with the same force and effect as if the answer had been put in before judgment by default against him.

It is irregular to entertain an *ex parte* motion to take the defendant's answer off the files, without proof that a copy of the affidavit on which the motion is founded, together with notice of the motion, has been served on the defendant's attorney a reasonable time before making the motion.

There may be error in a judgment by default as well as in a judgment rendered upon issue joined in the pleadings, and tried by a jury; and in the former as well as the latter case, the error may be corrected on appeal.

The statute having declared that the defendant "may file his answer at any time before the judgment is made final," *Held*, that it was not a matter resting in the discretion of the district court whether he should be permitted to file an answer after default but before final judgment.

This court is authorised by statute to render such judgment as substantial justice

Stevens *v.* Ross.

shall require; but by this is intended substantial *legal* justice, ascertained and determined by fixed rules and positive statutes, and not the abstract and varying notions of equity entertained by each individual.

APPEAL from the district court of the district of San Francisco. The facts upon which the judgment of the court is based, are stated in the opinion of the court. The cause was argued by

*Hall McAllister*, for the plaintiff, and

*John S. Hagar*, for defendant.

*By the Court*, BENNETT, J. Suit on a promissory note. The complaint was filed in the court of First Instance of the district of San Francisco, on the 16th day of April last. The summons was returnable on the 22d, and an answer was filed on the 24th day of April. The proceedings were transferred into the district court under the act of Feb. 28th, 1850, previous to the filing of the answer. On the 27th day of April, the plaintiff's attorney presented an affidavit made by himself to the district court, setting forth that there had been no appearance on the part of the defendant, and no answer filed on the return day of the summons, and that as deponent was about proceeding to the court house, on such return day, for the purpose of entering up judgment by default, he was met by the defendant, who stated to him that he had no defence to make to the action, that the debt was justly due and owing, and that, in order to save further expense, if the plaintiff would not enter up judgment before the 25th day of April, he would pay the sum due on that day— that defendant had since admitted that he had directed his attorney to appear and plead, for the purpose of obtaining a further delay in making payment. Upon the facts presented by this affidavit, the court awarded judgment for the amount claimed by the plaintiff, and ordered the judgment to be entered *nunc pro tunc* as for the 22d day of April. Upon this judgment an appeal is brought.

Section 29 of the act of Feb. 28, 1850, provides for the trans-

fer of causes pending in courts of First Instance into the district courts upon their organization; and sec. 33 requires the district court into which any such suit shall be transferred, to proceed to hear, try, and determine it, "in the same manner, with like "effect, and subject to the same provisions of law" as if such suit had been originally commenced in the district court. This cause is one of the class provided for in these sections, and is, therefore, to be controlled by the provisions of the statute defining the practice of the district courts. That practice is laid down in the act to regulate proceedings in civil cases, &c., approved April 22, 1850. By section 125 of this act, if the defendant fails to appear and file his answer within a certain time after service of the summons, the plaintiff may take judgment by default against him; by sec. 127, the default can be entered only in open court; and by sec. 128, if, within three days after the default has been entered, the defendant neither appears nor files his answer, the judgment by default may be made final upon *proof* by the plaintiff of his demand. Section 130 then declares that "If the defendant, before or on the day when final "judgment was to have been rendered against him, appear and "file his answer, the judgment, if taken, shall be set aside, and "he may file an answer at any time before the judgment is "made final." From the above sections of the statute, it appears that, notwithstanding the 24th and 39th sections require the answer to be filed within a limited time after service of the summons, the defendant may yet put in an answer at any time before final judgment, even after his default has been entered, and without application to the court for that purpose. It does not appear from the record before us that the default of the defendant was, at any time, entered; and he had three days after his default should be entered to file his answer. There can be no pretence that the default was taken until the 27th day of April, and before that day the answer of the defendant had been filed. The answer, therefore, was put in in time; an issue of fact was joined; and the practice, in proceeding to trial and judgment, should have been as laid down in the act of April 22.

It was claimed on the argument that the action of the court

Stevens *v.* Ross.

was equivalent to ordering the answer off the files, or setting it aside, on the ground of the deception practiced upon the plaintiff's attorney, as detailed in his affidavit. Without intending to question the power of the court to do this, no motion to that effect should have been entertained without proof that a copy of the affidavit on which such motion would be founded, together with notice of the motion, had been served a reasonable time on the defendant's attorney, in order that he might have an opportunity of coming in with counter affidavits and opposing the motion. No notice of the motion appears to have been given, and the proceeding ought not to be sustained, if regarded as an order of the court setting aside the answer.

The respondent says that this is a judgment by default, and that an appeal will not lie. Though it were a judgment by default, it is none the less a final judgment, and an appeal is given by the statute. There may be error in a judgment by default as well as in a judgment rendered upon issue joined in the pleadings and tried by a jury; and in the former as well as in the latter case, the error may be corrected on appeal.

Again it is said, that the dismissal of the answer was an interlocutory proceeding, resting in the discretion of the court. We think, however, where a statute prescribes unequivocally the rights of a party in the course of a judicial proceeding, the court has no discretion to deprive him of those rights. The statute says, the defendant " may file an answer at any time " before judgment is made final." The court cannot say, in its discretion, whether he may or may not have the full benefit of this clause, without at least affording him an opportunity of being heard upon the point. The positive rule is written in the statute, and there is no room for the exercise of discretion. As to the decision of the court being an interlocutory order, section 279 of the statute above cited, requires us to review such an order when it involves the merits and necessarily affects the judgment; and an order striking out an answer, regularly put on file, and rendering judgment without trial, appears to us to fall within this class.

But it is further said that the supreme court is authorized to

render such judgment as substantial justice shall require. Substantial justice requires that both parties should be allowed a hearing, and a denial of that can scarcely be termed a formal or technical error, defect, or imperfection. It strikes us very forcibly that the defendant has no defence on the merits in this action—but whether he has, or has not, is a question which can not be tried here—a question, which the defendant is entitled to have passed upon in another way, and before a different forum ; and if the practice contended for by the respondent were to be sanctioned in the present instance, it would become the rule for the government of subsequent cases in which it might appear clear to us that there was a good defence. The substantial justice spoken of in the statute, is substantial *legal* justice, to be ascertained and determined by fixed rules and positive statutes, and not the abstract and varying notions of equity which may be entertained by each individual.

A new trial is granted, costs to abide the event.