## WILLIAM KIDD, Respondent, v. THE FOUR–TWENTY MINING CO., Appellant.

When a plaintiff might proceed under either one of two laws prescribing the method of serving summons, one of which laws would require the defendant to answer within twenty days, and the other forty, and the summons was so contradictory and indefinite as not to show under which law the plaintiff was proceeding, the defendant would not be bound to answer within twenty days, and no default could legally be taken until after the expiration of forty days.

Where the first clause of a summons requires the defendant to appear and answer within forty days, and concluding clause notifies him that if he does not answer in *twenty* days a default will be taken, this is too contradictory and uncertain to require an answer within the shorter period.

When a default is improperly taken the defendant ought, if an opportunity is presented during the term at which it was taken, to apply to the Court below for relief.

Could the lower Court set aside a default and judgment after the term had expired within which the judgment was rendered—*Quere?*

Appeal is a proper remedy to set aside a judgment by default irregularly and erroneously entered.

Appeal from a judgment rendered by default in the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion of the Court.

*Aldrich & DeLong*, for Appellant.

The summons is too uncertain to support the judgment. It requires the defendant to appear within forty days — then says default will be taken, if it does not appear within twenty days, and judgment is entered on the twenty-second day after service.

The summons is further defective in not stating the amount for which judgment will be entered.

Opinion by BEATTY, C. J., JOHNSON, J., concurring.

In this case a judgment was taken against the defendant by default, from which it appeals, and the principal question is as to the regularity of the default.

The default was founded on the following. summons and service thereof, and was taken June 16th, 1866:

" You are hereby required to appear in an action brought against you by the above-named plaintiff, in the District Court of the First Judicial District of the State of Nevada, in and for the County of Storey, and answer the complaint filed therein within ten days (exclusive of the day of service) after the service on you of this summons, if served in said county, but within said district, within twenty days; and in all other cases, forty days; or judgment by default will be taken against you, according to the prayer of said complaint.

" The said action is brought to recover judgment for the sum of $1,550.91, besides costs of suit, as follows: $1,500.91, as is alleged, as a balance on contract for sinking, timbering, framing, curbing and dividing the shafts of defendant, situate in Storey County, Nevada; and fifty dollars for services in repairing the puppet-heads, etc., of the whim attached to the shaft of defendant, together with legal interest on $1,500.91 from February 15th, 1865 ; all of which is more fully set forth in plaintiff's complaint on file in my office, a copy of which is hereto attached and referred to.

" And you are hereby notified, that if you fail to appear and answer the said complaint, the said plaintiffs will take judgment, as therein demanded, within twenty days after service hereof."

" Henry L. Davis, being first duly sworn, says and certifies that he is the Sheriff of the City and County of San Francisco, State of California; that he received the annexed summons on the twenty-fifth day of May, A.D. 1866, and personally served the same on the same day upon the within named defendant, the " 420 " Mining Company, by delivering to H. O. Howard, the Secretary of said mining company the said defendant, personally,

in the city and county aforesaid, a true copy of said summons, attached to a certified copy of the complaint referred to in said summons, and at the same time showing to him the said annexed original summons."

The twenty-fifth section of the Practice Act of 1861 reads as follows :

" The time in which the summons shall require the defendant to answer the complaint shall be as follows : First—If the defendant is served within the county in which the action is brought, ten days. Second—If the defendant is served out of the county, but in the district in which the action is brought, twenty days.    Third—In all other cases, forty days."

This summons seems in its opening sentence to have been framed in compliance with the requirements of this section, except that it reads " if served in said county but within said district," etc., when it is evident that several words are omitted between the words " county " and " but."    This portion of the sentence should properly have read " if served in said county, *or if served out of said county*, but within said district," etc.    The italics show the words omitted in the summons.    With this exception this part of the summons is properly framed under the Act of 1861.    But the concluding part of the summons warns the defendant that if it fails to answer within twenty days after the service, default will be taken against it.    The latter part of the summons is inconsistent with the first.    The first part, if intelligible at all, means that if the defendant is served in Storey County, it shall have ten days only within which to answer.    If served within the First Judicial District, but outside of Storey County, (an absurd and foolish clause to put in a summons where there is only one county in the district) twenty days, and in all other cases forty days.

Here there is an apparent contradiction between the different parts of the summons, calculated to mislead and deceive the defendant.    But it is suggested that the law of 1864–5, amending the thirtieth section of the Practice Act of 1861, provides that where a corporation incorporated in California, but doing business in this State, is sued, and has no officer here upon whom service can be made, the Court or Judge before whom the action is pending may

make a special order (on affidavit showing the necessary facts) for service in a particular manner in California, and requiring the corporation to answer within twenty days : that this service was made in conformity with this amended Act, and the appellant was bound to know the law, and knowing the law could not have been deceived as to the time within which it must answer.   To this suggestion the obvious answer is, that plaintiff could have proceeded either under the law of 1861, or by making the necessary affidavit under the amendment of 1864–5.   If it could be held in such a case that defendant was bound to know the law, it certainly could not be held to know whether plaintiff was proceeding under the Act of 1861 or the amended Act of 1864–5.   There is nothing in the summons to enlighten the defendant as to this fact.   Indeed this Court is as much in the dark as to this matter as the defendant.   There is nothing in the record to show that any affidavit was ever made as to the fact that defendant had no officers resident in Nevada, or that the Judge or Court ever made any order as to the service of summons under the provisions of the Act of 1864–5.

This summons was too indefinite to admit of default being taken at the expiration of twenty days.

It has been suggested that appellant should have applied to the Court below for relief before bringing the case to this Court.   It is quite possible that would have been the better course.   Especially would that have been the better course if the judgment was rendered during term time, and the appellant had an opportunity to apply to the Court before the close of its term.   Whether a District Court would in such a case have the authority, after the expiration of the term, to set aside the default, may be somewhat questionable.   (See *Shaw* v. *McGregor*, 8 Cal. 521; *Dorente* v. *Sullivan*, 7 Cal. 279–80.)

In New York, under a code similar to ours, it has been frequently said there can be no appeal from a judgment by default.   If a party does not make his defense in the Court of original jurisdiction he will not be heard in the Appellate Court for the first time, for this would be making the Appellate Court exercise the functions of a Court of original jurisdiction.   Nor are we unmindful of the fact that the late Justice Brosnan, in the case of *Paul et al.* v.

*Armstrong,* 1 Nev. 82, held that "a judgment by default is not appealable." (See opinion on page ninety-six of the Report.) But as the then Chief Justice [Lewis] concurred in the affirmance of the judgment for reasons different from those assigned in the opinion, and the present Chief Justice did not participate in the hearing of the appeal, the rule thus stated cannot be regarded as an authoritative expression of the Court. We shall therefore consider this an open question in this State, giving to the opinion of our lamented associate such weight as it is justly entitled to.

It must be observed that in all the New York cases ·to which our attention has been called there was no question about the regularity of the default. The question in each case was, whether a party would be allowed to prosecute an appeal from a judgment, decree, or order made against him in a case where he did not appear and contest the same, but suffered it to be taken without opposition, protest, or argument on his part, although regularly before the Court, and having the opportunity to contest.

The authorities on this subject are all referred to in Abbot's New York Digest, under the head of "Appeal."

This is a very different case from that. Here the default was irregularly taken, and judgment is entered without proper authority. In such case it has repeatedly been held in California that an appeal is the proper remedy—at least, that it is *a* proper remedy. (See *Stevens* v. *Ross,* 1 Cal. 97 ; *Parker* v. *Shepherd,* 1 Cal. 131–2 ; *Burt et al.* v. *Scranton et al.,* 1 Cal. ·416–7 ; *Joice* v. *Joice,* 5 Cal. 449.) We have copied our statutory laws almost exclusively from those of California, and we look almost exclusively to that State for rulings upon matters of practice. We shall not then deny to parties the right to such a remedy by appeal, which has always been held to be the proper remedy. in such cases in California. But whilst we will allow a party to seek relief for a judgment improperly rendered upon default by appealing to this Court, we will exercise our discretion as to matters of costs.

In this case the summons left it doubtful whether defendant was bound to answer by, say the fifteenth of June or the fifth of July. If it did not think it necessary to answer by the former, it certainly should have answered by the latter period, if any defense was to be

made.   The Court in that county commenced its term on the first Monday in June, and by law was authorized to sit until the first Monday in October.   We know that that Court usually sits for the greater part of the time allowed by law for it to be in session.   Had the defendant attempted to answer on or before the fifth of July, it would have heard of the judgment, which was entered up the sixteenth of June.   It could then most likely have applied to the Court below to set aside the default long before the expiration of the term.   This it does not do, but waits to the last hour almost of the year to take an appeal.

Under these circumstances, we will reverse the judgment of the Court below, and order the costs of this appeal to abide the final result of the case.   It is so ordered.