The MANAGEMENT PARTNERSHIP, INC., Appellant,

v.

Gwendolyn CRUMLIN, Appellee.

No. 80–186.

District of Columbia Court of Appeals.

Submitted Oct. 8, 1980.

Decided Dec. 4, 1980.

Ronald G. Scheraga, Washington, D. C., was on the brief for appellant.

Walter R. Choroszej, Washington, D. C., was on the brief for appellee.

Before GALLAGHER, NEBEKER and PRYOR, Associate Judges.

PRYOR, Associate Judge:

The Management Partnership, Inc. appeals from an Order of the Small Claims and Conciliation Branch of the Superior Court finding appellee, Gwendolyn Crumlin, not liable for damages resultant from an alleged breach of an apartment lease. Having reviewed the record we find no evidence to support the trial court's conclusion that appellant's office manager had the apparent authority to terminate the lease. Accordingly, we must reverse and remand for a new trial.

In July 1975, appellee sought to lease an apartment from appellant at the Parkland Terrace Apartments in the District of Columbia. Because of appellee's modest financial circumstances, it was requested that an additional person share the financial responsibility of the lease. When Mr. Robert Triplett agreed to act as a cosigner, a lease agreement for one year, effective August 1, 1975, was executed. It is undisputed that initially, appellee and Triplett occupied the apartment together and that the latter normally paid the rent. As a result of domestic discord, appellee vacated the premises, without written notice, in February 1976, leaving Triplett in residence. A few months later, in April or May 1976, appellee received a notice as lessee, that the rental payments at Parkland Terrace were delinquent. In response, she visited the business office of Parkland Terrace where she spoke with Ms. Dinkins, the office manager. After explaining to Ms. Dinkins the circumstances under which she vacated the premises, the record reflects that Ms. Dinkins orally assured appellee that her responsibility as lessee had terminated. Appellee heard nothing further from appellant or anyone associated with Parkland Terrace management until January 1979, when she was summoned to the Small Claims and Conciliation Branch of the Superior Court in this matter.

After hearing the evidence at trial, the court found that: (1) appellee received no benefit from the premises during the months for which appellant sought to collect the rent; (2) appellant was not diligent in pursuing its remedy and that appellee was prejudiced by the absence of cosigner Triplett; and (3) Ms. Dinkins had apparent authority to terminate the lease.

Our discussion is guided by Super.Ct.Sm. Cl.R. 12(b) which prescribes the manner in which small claims trials are to be conducted and provides:

> CONDUCT OF THE TRIAL. Should the parties fail to settle the controversy, the court shall proceed with a trial on the merits of the case. The parties and witnesses shall be sworn. The judge shall conduct the trial in such manner as to do substantial justice between the parties according to the rules of substantive law, and shall not be bound by the provisions or rules of practice, procedure, pleadings or evidence, except such provisions relating to privileged communications.

In construing this Rule, this court has stated that "the relevant inquiry is whether 'substantial justice' has been achieved." *Eytan v. Bach*, D.C.App., 374 A.2d 879, 881 (1977), citing *Interstate Bankers Corp. v. Kennedy*, D.C.Mun.App., 33 A.2d 165, 166 (1943). In *Interstate Bankers Corp. v. Kennedy, supra*, this jurisdiction acknowledged that the term "substantial justice" refers to

"justice administered according to the rules of substantive law notwithstanding errors of procedure which do not deprive litigants of substantive rights." *Id.* at 166. The purpose of Super.Ct.Sm.Cl.R. 12(b) is to relax the technical rules of procedure so that persons not versed in the law, and unable to retain counsel, can sue or defend without encountering unknown procedural barriers. *Interstate, supra* at 166. Congress did not intend to give trial judges freedom to stray from accepted substantive law. Stated another way, the reference to "substantial justice" does not permit the alteration of substantive rules or principles; it is intended, however, that the court shall have some degree of procedural flexibility in resolving questions presented before the Small Claims Branch of the court.

■ In the case at bar, appellant sought to collect monies which it alleged were due as a result of the breach of a lease agreement. Accordingly, the substantive rules of contract law govern, for we have recognized that leases of urban dwelling units are to be construed as any other contract. *District of Columbia Department of Housing and Community Development v. Pitts*, D.C.App., 370 A.2d 1377 (1977). Absent a showing that an event occurred which had the legal effect of altering the original contract or discharging the parties thereto, the written contract, duly signed and executed by both parties, is binding upon the parties and controls their respective rights and liabilities. *See Gagnon v. Wright*, D.C.App., 200 A.2d 196 (1964).

■ As we understand appellee, it is her position that the written agreement was modified prior to the expiration of the lease, by subsequent oral agreement. While we recognize that a written lease for a term of one year or less may be modified, rescinded, or discharged by mutual oral agreement, *Wesley v. Shaftel*, D.C.Mun. App., 170 A.2d 923 (1961); *see* D.C.Code 1973, § 28–3501; *see also* 6 Corbin on Contracts § 1294 (1962 & Supp. 1980), we are also cognizant that to be effective, the mutual oral agreement must be by the original parties to the agreement or someone authorized to act in their stead. *Id.*

■ It is at this juncture of the case, appellant urges, that the trial court committed error in holding that Ms. Dinkins, the office manager, had apparent authority to orally relieve appellee of further contractual obligations.

> Apparent authority arises when a principal places an agent in a position which causes a third person to reasonably believe the principal had consented to the exercise of authority the agent purports to hold. This falls short of an overt, affirmative representation by a principal . . . [*Feltman v. Sarbov*, D.C.App., 366 A.2d 137 (1976) (quotations and citation omitted).]

In such cases, an agent's representations need not be expressly authorized by his or her principal. *Id.* at 139. However, it is essential that the principal have put the agent in a position where the power exercised would normally be within the reasonable scope of authority. Whether an agent has apparent authority is a question of fact to be proven by the party asserting it. *Id.* at 140; *Rustler's Steak House v. Environmental Associates, Inc.*, D.C.App., 327 A.2d 536 (1974). Consideration should be given, *inter alia*, to the actual authority of the agent, the usual or normal conduct of the agent in the performance of his or her duties, previous dealings between the agent and the party asserting apparent authority, any declarations or representations allegedly made by the agent, and lastly, the customary practice of other agents similarly situated.

■ The record before us is devoid of any evidence which supports the conclusion that Ms. Dinkins had apparent authority to modify or rescind the written contract. No testimony was adduced as to whether Ms. Dinkins previously relieved other tenants of their contractual obligations or whether she held herself out as having the authority to do so. The only evidence as to Ms. Dinkins' authority was a statement by appellant's witness that she lacked the authority to make the representations attributed to her.

Accordingly, there is no evidence to support the trial court's finding of apparent authority, a finding which was critical to the disposition of the case.

We therefore reverse and remand for a new trial.*

*Reversed and remanded.*

* Appellant asserts that the trial court based its decision on the equitable theory of laches and erred in so doing. Though mentioned by the court, laches was not the basis for the court's decision nor could it have been because this is a contract action governed by D.C.Code 1973, § 12 301(7).