**Margot C. WAHL, Appellant,**

v.

**E. Sheldon WATKIS, Appellee.**

**No. 84-272.**

District of Columbia Court of Appeals.

Argued Dec. 6, 1984.

Decided Jan. 9, 1985.*

1. D.C.Code § 14–305(b)(1) (1981).

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published by direction of the court.

Louis Lafringe Jenkins, Washington, D.C., for appellant.

Lisa J. Dessel, Washington, D.C., with whom Kenneth J. Loewinger, Washington, D.C., was on brief, for appellee.

Before MACK and ROGERS, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

Appellant-tenant appeals a judgment of possession for appellee-landlord based on a 90-day notice to vacate pursuant to D.C. Code § 45–1561(d) (1981).[1] Upon review of the record, we find appellant's contentions are without merit; accordingly, we affirm.

On appeal, appellant-tenant contends the trial court abused its discretion and violated her due process rights in denying her request "to retain counsel and contest" the eviction. She argues the request was tantamount to a request for the type of continuance which is routinely granted to tenants in the Landlord and Tenant Branch. Although recognizing the trial court acted in accordance with Super.Ct. L&T R. 12,[2] appellant protests that she was

---

1. D.C.Code § 45–1561(d) provides:

(d) A natural person with a freehold interest in the rental unit may recover possession of a rental unit where he or she seeks in good faith to recover possession of such rental unit for his or her immediate and personal use and occupancy as a dwelling. The landlord shall serve on the tenant a 90-day notice to vacate in advance of his or her action to recover possession of the rental unit in instances arising under this subsection. No landlord shall demand or receive rent for any rental unit which he or she has repossessed under this subsection during the 12-month period beginning on the date he or she recovered possession of such rental unit. A stockholder of a cooperative housing association with a right of possession in a rental unit may exercise the rights of a natural person with a freehold interest under this subsection.

2. Super.Ct. L&T Rule 12 provides:

(a) CALLING THE CALENDAR. After the judge takes the bench, the clerk will call the cases assigned to the court for disposition and the court will inquire in each instance as to the nature of the claims, the defenses, and any other matters which will serve the ends of justice. In the course of these inquiries the court shall make an earnest effort to help the parties settle their differences by conciliation. In cases involving unrepresented defendants alleged to be in arrears in the payment of rent, the court shall specifically ask the defendant

(1) whether he has not in fact paid the rental amount alleged by the plaintiff to be due and

(2) if he has not paid the rent, his reasons for not so paying. If in any case the plaintiff shall fail to appear without prior notice, the action may be dismissed for want of prosecution, or a nonsuit may be ordered, or the case may be continued or returned to the files for further proceedings on a later date, as the court may direct.

(b) TRIAL. Should the parties fail to settle the controversy, the court shall proceed with a trial on the merits of the case. The parties shall be sworn and the court shall conduct the trial informally and in such manner as to

prevented from "more effectively establishing a factual record for her defense." This court has approved the long-term policy of preserving the summary nature of possessory actions in the Landlord and Tenant Branch, *Drayton v. Poretsky Management, Inc.*, 462 A.2d 1115, 1120 (D.C.1983). Upon a review of the record, we find no basis on which to conclude that substantial justice was not afforded to appellant. *See Management Partnership, Inc. v. Crumlin*, 423 A.2d 939, 940 (D.C.1980).

Appellee filed a verified summons and complaint; the summons advised appellant of the appearance date and listed legal services organizations available to a tenant wishing legal representation. Both parties appeared in court without counsel. The trial court asked the tenant what defenses she had and recessed the proceeding so she could confer with a law student about her defense to the eviction based on a petition pending before the Rental Accommodations Commission against the former owner. Upon reconvening, the court was advised by the law student that *Drayton v. Poretsky Management, Inc., supra*, 462 A.2d at 1120 (where petition challenging rent increase is pending at Rental Accommodations Office, trial court should defer, or, at option of landlord, proceed on basis of previous lower rent), did not prevent the court from proceeding and the student also indicated the tenant wanted counsel. The trial court then inquired whether the tenant had any defense. The law student was silent; the tenant restated her complaints against the former owners. When the trial court again inquired whether she had a defense to the current owner's claim for possession, the tenant explained she was unhappy that she had to move when other units were vacant. The court thereupon determined, upon undisputed evidence, that the tenant had received the notice to quit, the time had run and that appellee was within its legal rights. The tenant thereafter advised the court that all she wanted was more time before she vacated her apartment.

■ Thus, even assuming for purposes of argument that appellant requested a continuance, we find no abuse of discretion by the trial court. *Taylor v. Washington Hospital Center*, 407 A.2d 585, 594 (D.C. 1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980); *Manes v. Dowling*, 375 A.2d 221, 223 n. 1 (D.C.1977). The court complied with the rules of the Landlord and Tenant Branch by inquiring of the tenant's defenses and she was unable, even after conferring with a law student, to present any defense, although her remarks to the trial court indicated she was not only aware of her statutory rights but able to articulate her position to the court. (For example, she described in some detail how, as an Advisory Neighborhood Commissioner, she had forced the former owner to comply with the tenants' statutory right to purchase). Under these circumstances, without some indication of a possible defense, the trial court did not abuse its discretion in denying a continuance where the tenant had sufficient prior notice of the hearing and an opportunity to consult with counsel if she so wished.

■ Furthermore, we conclude that appellant's contentions regarding retaliation are without merit. She contends in her brief in this court that she presented evidence in the trial court to show an unlawful retaliation by appellee under D.C.Code § 45–1562 (1981).[3] Specifically, she cites

---

fully elicit all matters of defense and all facts in the case which will enable the court to arrive at a just decision on the merits.

**3.** D.C.Code § 45–1562 (1981), provides in pertinent part:

(a) No landlord shall take any retaliatory action against any tenant who exercises any right conferred upon him or her by this chapter, by any rule or order issued pursuant thereto, or by any other provisions of law. Retaliatory action may include any action or proceeding not otherwise permitted by law

which seeks to recover possession of a rental unit ...

(b) In determining whether an action taken by a landlord against a tenant is retaliatory action, the trier of fact shall presume retaliatory action has been taken, and shall enter judgment in the tenant's favor unless the landlord comes forward with clear and convincing evidence to rebut this presumption: Provided, that within the 6 months preceding such landlord's action, the tenant [has]:

\*  \*  \*  \*  \*  \*

her statements to the trial court that she was responsible for requiring the former owner to offer the tenants the right to purchase before selling to anyone else. She contends she thus had caused an alleged delay in the sale to appellee. However, we find no allegation by the tenant of retaliation by appellee based on the alleged delay of settlement. The tenant admitted she had received the 90-day notice, did not contend it was unlawful, and advised the trial court she was only unhappy about having to move when there were other vacant units into which appellee could move.

But even assuming arguendo the tenant's remarks about her actions to force the former owner to comply with the law before selling to appellee could reasonably be interpreted as a defense pursuant to § 45–1562 to her eviction by the new owner, her claim must fail. The retaliation statute is applicable only where a landlord takes an action not otherwise permitted by law. D.C.Code § 45–1562(a), *supra* note 3. Appellee, however, asserted its legal rights under D.C.Code § 45–1561(d), *supra* note 1, and thus, on the record before us, we conclude the presumption of retaliatory action by appellee did not arise. Further, the tenant's contention that the landlord did not intend to take immediate possession is a bare assertion which appellee disputed and is unsupported in this court. The tenant did not file a motion in the trial court

for reconsideration of the judgment, and issues generally may not be raised for the first time on appeal. *Gillespie v. Washington*, 395 A.2d 18, 21 (D.C.1978).

We find no merit to appellant's other contentions.[4] Accordingly the judgment is affirmed.

---

    (4) Organized, been a member of, or been involved in any lawful activities pertaining to a tenant organization;

    (5) Made an effort to secure or enforce any of such tenant's rights under the tenant's lease or contract with the landlord ....

**4.** Appellant contends that the trial court's entry of judgment for appellee constituted the grant of summary judgment, and under L&T rules, Super.Ct. L&T R. 13(b), she was entitled to an opportunity to provide affidavits and other evidence to defeat appellee's claim for summary judgment. This contention is without merit. No motion for summary judgment was made below. Even were this issue properly before us, appellant did not contest appellee's legal right to possession under D.C.Code § 45–1561(d) (1981), and thus conceded the only issue at trial. Appellant's reliance on *Crowder v. Lackey*, 46 A.2d 699 (D.C.1946) (possessory action based on non-

payment of rent where landlord refused to accept proffered rent), is misplaced.

    Also, appellant contends the reporter's transcript before this court does not fully reflect the proceedings below. Appellant did not file a statement under D.C.App.R. 10(j) or a motion in the trial court to correct, modify, or supplement the record (D.C.App.R. 10(*l*)). The burden of providing an adequate record on appeal rests on appellant. *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982).