**Herbert G.O. HARVEY, Appellant,**

v.

**ETHERIDGE OWNERS, INC., Appellee.**

**No. 86–587.**

District of Columbia Court of Appeals.

Submitted Jan. 29, 1987.

Decided March 26, 1987.

———

Richard F. Rosen, Washington, D.C., for appellant.

Carol S. Blumenthal, Washington, D.C., for appellee.

---

Before NEWMAN, BELSON, and TERRY, Associate Judges.

PER CURIAM:

Appellant, the occupant of resident manager's quarters in a cooperative apartment building, argues that the Landlord and Tenant judge erred in summarily and without trial entering judgment for possession against him on the original return date. We agree and reverse.

Appellant (hereinafter "tenant"), his attorney, and counsel for Etheridge Owners, Inc. (hereinafter "landlord") appeared before the court on the original return date, and informed the judge that they agreed to a continuance of two and a half weeks to permit tenant to file a written answer. They also indicated their agreement that a hearing on landlord's request for a protective order should be held on the continued date.

Court and counsel then discussed a temporary protective order. In the course of that discussion, the trial judge inquired into the nature of the defense. When tenant's counsel began by stating that tenant had been terminated from his position as resident manager of a cooperative apartment building and that the defense would be that tenant was still capable of handling his duties, the court broke in to observe that it was an abuse of the Landlord and Tenant court to use it to litigate an employment contract. After tenant's counsel added that the question was whether the procedures of the cooperative had been followed with regard to the manager's removal, the judge repeated his view that to litigate that question was an abuse of the Landlord and Tenant court. After further discussion, the court continued the case for approximately two weeks and suggested that the court might entertain a motion for summary judgment at that time.

After hearing representations and argument about the appropriate amount of a temporary protective order, the trial court inquired further into representations made by both counsel concerning whether the tenant had another apartment in which to live. When the court apparently was satisfied that another such apartment was available and that tenant would not be put out on the street, he summarily announced that judgment would be entered for the plaintiff. That ruling was not preceded by any further discussion of possible defenses. This appeal followed.

■ Frequently we have approved the use of summary procedures in the Landlord and Tenant court. *See, e.g., Wahl v. Watkis,* 491 A.2d 477, 479 (D.C.1985) (per curiam); *Drayton v. Poretsky Management, Inc.,* 462 A.2d 1115, 1120 (D.C.1983). Indeed, the court may enter judgment without trial, consistent with Super.Ct. L & T R. 12, where, after discussion of the case in open court and exploration by the court of the existence of possible defenses, the tenant concedes or the court can otherwise satisfy itself that there is no valid defense to the landlord's complaint for possession. *See Wahl v. Watkis, supra,* 491 A.2d at 479. In this case, however, neither was there such a concession nor did the court give the tenant sufficient opportunity to proffer his defenses.

■ Counsel for tenant had come before the court on the original return date for the purpose of securing a consent continuance so that he might have time to prepare a written answer. The record suggests that he had difficulty in communicating with his client during the proceeding because of his client's hearing problems. While we understand the court's reluctance to allow tenant to raise an inappropriate defense in that busy branch of the Civil Division, the trial court did not engage in the required exploration of issues and possible defenses before deciding that no valid defense existed.[1] There was also no concession by tenant or

---

1. We find *Wahl v. Watkis, supra,* distinguishable from the instant case. In *Wahl,* the trial court twice asked the tenant whether she had any defenses to the action for possession against her and temporarily recessed the proceeding to allow the tenant to confer with her law student advisor concerning possible defenses. 491 A.2d at 479. When the hearing reconvened, the law student stood silent when asked if the tenant had any defenses to present, and the tenant mentioned only irrelevant matters. *Id.*

by counsel that would justify the court's action in entering judgment summarily without the trial otherwise required by Super.Ct. L & T R. 12(b).

*Reversed and remanded for proceedings consistent with this opinion.*

