Houshang H. MOMENIAN, Appellant,

v.

LUSTINE REALTY CO., INC., Appellee.

No. 94–CV–1639.

District of Columbia Court of Appeals.

Submitted March 31, 1997.

Decided May 8, 1997.

Carol S. Blumenthal, Washington, DC, was on the brief, for appellant.

Brian D. Riger, Bethesda, MD, with whom Robert W. Gildar was on the brief, for appellee.

Before STEADMAN, FARRELL, and RUIZ, Associate Judges.

RUIZ, Associate Judge:

This is an appeal from a judgment "by confession" awarding possession of commercial property to Lustine Realty Co., the landlord. Houshang H. Momenian, the tenant, alleges that the trial court erred in finding at a pretrial hearing pursuant to Super. Ct. L & T R. 12, that the premises were untenantable based on appellant's purported "concession" and in denying a continuance. We reverse and remand for further proceedings.

In 1989, Momenian leased the commercial property at 1405 Rhode Island Avenue, Northwest from Lustine Realty Co. for a seven-year period. In December of 1993, there was a fire that disabled all utilities to the premises. Pursuant to a lease provision dealing with the effect on the lease of fire damage to the premises, the landlord sent a notice to quit to the tenant stating that the premises were wholly untenantable due to the fire. After the tenant failed to vacate, the landlord brought a suit for possession.

At a pretrial hearing, the landlord argued that the premises had been demolished by fire, making it untenantable, and that the lease required that the tenant surrender the premises. According to the landlord, the premises could not be repaired while occupied. Appearing *pro se*, the tenant, on the other hand, argued that the lease required the landlord to fix the premises and that he, the tenant, had paid for the insurance that would pay the repairs. He also stated that he had turned the key over to the landlord after the fire so that repairs could be made. The tenant did not raise any technical de-

fenses to the notice to quit or the sufficiency of service. The trial court found that the property was untenantable, that no defenses existed, and summarily awarded possession to the landlord.[1]

■ District of Columbia Superior Court Landlord–Tenant Rule 12 provides a summary procedure to be used in certain suits for possession. The rule provides that "the [c]ourt will inquire in each instance as to the nature of the claims, the defenses and any other matters which will serve the ends of justice." After conducting such an inquiry the trial court may enter judgment of possession without trial "where, after discussion of the case in open court and exploration by the court of the existence of possible defenses, the tenant concedes or the court can otherwise satisfy itself that there is no valid defense to the landlord's complaint for possession." *Harvey v. Etheridge Owners, Inc.,* 522 A.2d 1278, 1279 (D.C.1987). Presumably, most typical landlord suits for possession decided short of trial under Rule 12 involve fairly straightforward situations where the tenant has not paid the rent. The alleged right to possession in this case, on the other hand, was based on a provision in a seven-year commercial lease. Whether that provision was triggered in this case turned on the question whether the premises had been rendered "untenantable" by the fire.

The trial court's finding that the premises were untenantable was based on the court's belief that the tenant conceded that the premises were untenantable. At one point when the court asked the tenant whether he could use the property, he answered in the negative. Other portions of the transcript indicate, however, that the tenant did not intend to concede that the premises were untenantable, but to the contrary, that they could be repaired and that he had expected that the landlord would do so.

Specifically, when the court suggested to the tenant that he had conceded that the premises were unusable, the tenant responded that "no, it's not," and that "even the plastic inside of the building ... did not shrink." Second, the tenant informed the court that he had returned the key to the landlord twenty-four hours after the fire and vacated the premises so that the landlord could repair the property. The thrust of the tenant's argument was that the property was damaged but fixable and that the landlord had the obligation (and insurance coverage) to repair it.[2] The tenant further argued that he had made significant improvements to the premises which he would lose if he had to vacate, and presented evidence, in the form of a letter written by the landlord several months after the fire, indicating that the landlord expected the lease to continue.

■ A reviewing court will not disturb the findings of fact of a trial court unless clearly erroneous. *Hagans Mgt. Co., Inc. v. Nichols,* 409 A.2d 179, 182 (D.C.1979). Here, the trial court's determination that the premises were untenantable was premised upon a mistaken belief as to a concession by the tenant that is not supported by the record. We reverse and remand to allow the trial court to revisit the issue of untenantability[3] and the existence of a possible lease-based defense raised by the tenant that the landlord had an obligation to repair the property. Once these judgments are made the trial court should also decide, in the first instance,

1. The award of possession was stayed subject to the tenant's payment of rent to the court. The stay was lifted, and possession awarded to the landlord, when the tenant failed to make the required payments.

2. On appeal, the landlord does not appear to dispute that the lease imposed some obligation on the landlord to repair the premises. Instead, the landlord argues that the lease contained an "unambiguous" provision entitling it to possession under the circumstances. We are unable to address this question of contract interpretation as the lease is not part of the record.

3. Generally, a building is deemed to be wholly untenantable if "it cannot be used for the purposes for which it was leased and cannot be restored, using ordinary repairs, without unreasonable interruption of the tenancy." *Marcel Hair Goods Corp. v. National Sav. & Trust Co.,* 410 A.2d 1, 6 (D.C.1979). In the absence of a concession by the tenant, a decision on the issue whether or not the fire caused the premises to be untenantable would require the trier of fact to know the extent of the damages, the nature of repairs necessary to restore the property, and the time required to make the necessary repairs in relation to the lease term.

whether this is an appropriate case for resolution under Rule 12.[4]

Reversed and remanded for proceedings consistent with this opinion.

**4.** The transcript from the hearing also reveals disputes over a number of other issues, including outstanding payments and improvements to the premises. We do not consider these issues at this time. By remanding the case, the tenant

will have the opportunity to seek advice of counsel and proceed with his claims. We, therefore, do not address appellant's challenge to the trial court's denial of his request for a continuance in order to consult counsel.