Marie BEMBERY, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 98–CV–1223, 98–CV–1317.

District of Columbia Court of Appeals.

Argued March 7, 2000.
Decided July 14, 2000.*

Bernard A. Gray, Sr., Washington, DC, for appellant.

Edward E. Schwab, Assistant Corporation Counsel, with whom Robert R. Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellee.

Before WAGNER, Chief Judge, FARRELL, Associate Judge, and KING, Senior Judge.

PER CURIAM:

Appellant (Bembery) was a partner in a venture which leased two townhouses to the District of Columbia from 1985 to the end of 1994. At issue in this appeal are primarily charges under the lease for the District's overtime use of the buildings from July 1992 through November 1993.

* This appeal was originally decided by an unpublished Memorandum Opinion and Judgment. The opinion is now being published, with minor modifications, upon the grant of appellee's motion for publication.

The trial court ruled that Bembery's claim for overtime charges before November 1993 was barred by the statute of limitations. We agree with that determination. We likewise sustain the court's determination that the District was not liable for penalty interest under the District of Columbia Quick Payment Act for overtime charges covering the period from May 31, 1994, until the end of the lease.[1]

## I.

The lease between Bembery's partnership, known as December Ventures Realty Associates Ltd. ("December Ventures"), and the District was for ten years concluding in December 1994. It called for a combined monthly rent of $7,752.50 for the buildings, to be paid at the end of each month. The rent covered only the use of the buildings during normal business hours (8:00 a.m. to 5:00 p.m. weekdays). The lease also contained a provision for use during "[a]dditional hours," which were charged to the District "at a rate of $35.00 per hour."

From the beginning, a dispute arose between December Ventures and the District over the binding nature of the provision for additional hours. The District essentially refused to pay and December Ventures sued for breach of the lease, resulting in a trial in 1992. In March 1993, the trial court ruled that the District had no grounds for not paying charges properly submitted under the additional hours provision, and awarded December Ventures substantial damages for the period up to and including the July 1992 trial.[2] Thereafter, December Ventures submitted overtime charges to the District as follows: in December 1992 for the period July through November 1992; in April 1993 for the period December 1992 through March 1993; and monthly thereafter for the remainder of the lease (ending December 1994). December Ventures heard nothing from the District about these charges until it received a letter dated March 30, 1994, from the Office of Real Property Administration stating that the District was denying payment for the charges on the basis that no overtime had been performed by employees before or after the normal hours of operation during those periods.

On November 15, 1996, Bembery, as general partner of December Ventures, sued the District for overtime fees amounting to $75,390 (plus unreimbursed property taxes) for the July 1992–December 1994 period, as well as for penalty interest under the District's Quick Payment Act. The District moved for partial summary judgment, citing the three-year statute of limitations for breach of contract. The trial court granted the motion after concluding that Bembery's cause of action for breach began to run on the date the District received the successive bills for overtime usage. Accordingly, it dismissed the claim for any charges submitted more than three years before the November 1996 date of her suit, with the result that the action could go forward only with respect to fourteen (rather than thirty) of the months for which she was claiming overtime rent.[3] After an ensuing bench trial, Bembery was awarded damages for that period, and she brought this appeal challenging primarily the court's application of the statute of limitations to part of her claim.

## II.

The parties agree that the relevant limitations period is three years.[4]

---

1. The District filed a cross-appeal which, as it conceded at oral argument, it has abandoned. We therefore dismiss No. 98–CV–1317.

2. The District did not appeal that decision.

3. The trial court also awarded Bembery only partial interest under the Quick Payment Act, a subject we discuss in part III., *infra.*

4. The District notes, but expressly does not raise, the question of whether Bembery's claims both for overtime charges and for pen-

They also agree that in an action for breach of a contract or lease the statute of limitations runs from the time of the breach. *See Management Partnership, Inc. v. Crumlin,* 423 A.2d 939, 942 n. * (D.C.1980); *Western Union Tel. Co. v. Massman Constr. Co.,* 402 A.2d 1275, 1277 (D.C.1979). A breach is "an unjustified failure to perform all or any part of what is promised in a contract entitling the injured party to damages." *Fowler v. A & A Co.,* 262 A.2d 344, 347 (D.C.1970) (internal quotations omitted). The parties disagree over when the District failed (if it failed) to perform its obligation to pay the overtime charges submitted, and hence when Bembery's cause of action accrued. In keeping with the trial court's decision, the District argues that the cause of action accrued when the District received December Ventures' successive bills for extra rent—*i.e.,* in December 1992, April 1993, and monthly thereafter. Bembery argues, by contrast, that she had no notice that the District had rejected her claims until the March 30, 1994, letter expressly doing so. We agree with the District and the trial court.

■ In this jurisdiction, it is "well settled that where a debt is payable in independent instalments the right of action accrues upon each as it matures." *Washington Loan & Trust Co. v. Darling,* 21 App.D.C. 132, 140 (1903). *See also, e.g., Keefe Co. v. Americable Int'l, Inc.,* 755 A.2d 469, 471–73 (D.C. 2000); *Toomey v. Cammack,* 345 A.2d 453, 454 (D.C.1975) (citations omitted). "As a general rule, an actionable claim accrues, and the statute of limitations begins to run, when a suit thereon could first be maintained to a successful conclusion." *Id.* at 455. In this case, the charge per hour for additional or overtime usage was fixed by the contract, and the hours of usage could readily be ascertained by the District from its rec-

ords. No statute or provision of the lease prevented Bembery and December Ventures from pursuing their right to sue once they had made the successive demands and received no payment from the District. Bembery's contrary argument that she had no reason to assume a refusal to pay until she received the District's March 30, 1994, letter—fully fifteen months after she made the original demand—is untenable. *See* 51 Am.Jur.2d § 114 (Limitation of Actions) ("the courts may presume from the lapse of an unreasonable time that a demand was made *and refused* " (emphasis added)). Bembery had ample time within the limitations period to sue for nonpayment of the pre-November 1993 charges; this she failed to do. The trial court's application of the statute of limitations was correct.

## III.

■ As indicated, the trial court permitted Bembery's claims to go forward for the period from mid-November 1993 through the end of the contract; and Bembery ultimately received a favorable judgment on those claims. The court ruled as a matter of law, however, that no interest penalties could be assessed under the District of Columbia Quick Payment Act, D.C.Code §§ 1–1171 *et seq.,*[5] for the period after May 31, 1994, because on that date the District received a copy of a letter from Joe McCray, General Partner of December Ventures, to Bembery revealing a deep internal dispute over control of the partnership. Specifically, the letter demanded that Bembery cease any business actions on behalf of the partnership and turn over all property belonging to it. This was followed by a letter from Bembery to the District declaring that McCray was no longer the General Partner and was not authorized to conduct any further

---

alty interest should have been submitted to the Contract Appeals Board for adjudication. We have no occasion here to consider that issue.

**5.** Under the Act, the District is required to pay an interest penalty on payments for acquired property or services not made "by the required payment date." D.C.Code § 1–1172(a)(1).

business on behalf of December Ventures. The letter stated that any future lease payments should be made to Bembery. The District then received an additional letter from McCray asking it to stop payment on the last rent check payable to December Ventures and to reissue it to a person named by him. Future checks were likewise to be issued and sent to that individual who, according to McCray, was the only remaining partner along with McCray.

The trial court ruled that these events suspended the District's duty to pay interest on any late overtime payments until the ownership status of December Ventures was resolved (which took a lawsuit between the partners not settled until 1997). The court relied on § 1–1174(b) of the Act, which relieves the District of the duty to pay interest penalties on payments not timely made "by reason of a dispute between a District agency and a business concern over the amount of that payment or other allegations concerning compliance with a contract." We sustain that determination. The events described gave the District objective reason to dispute its obligation to pay overtime bills submitted after May 1994, so long as it remained unclear who spoke for December Ventures and was authorized to submit those claims and receive payment for them. The turmoil in the partnership's affairs justified the decision to dispute all such claims until ownership of the firm was resolved.

*Affirmed.*[6]

---

6. As indicated, *supra* note 1, we dismiss No. 98–CV–1317.